IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARLYN STEWART, Personal Representative of the Estate of JAMES W. CARNEAL, | * * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. RDB 05-3114 |
| | * | |
| AETNA INSURANCE COMPANY, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Pending before this Court is the Motion to Dismiss filed by Defendant Aetna Insurance Company ("Defendant" or "Aetna") pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. On April 28, 2003, Plaintiff Carlyn Stewart, personal representative of the Estate of James W. Carneal, ("Plaintiff" or "Stewart") filed a complaint in the District Court of Maryland for Baltimore County, alleging that Aetna had not paid monies due under a life insurance policy insuring James W. Carneal. The *ad damnum* clause states that Plaintiff is seeking $20,000 plus costs. However, this case lay dormant for over two years before a summons was ultimately issued on September 12, 2005. Indeed, the complaint was not served upon Defendant until October 2005. On November 17, 2005, Defendant filed a Notice of Removal in this Court indicating that Plaintiff's claim presented a federal question, as the benefits to which Plaintiff claims entitlement were through an employee welfare benefit plan (the

"Plan") established under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

On November 23, 2005, Defendant filed its Motion to Dismiss contending that Plaintiff's complaint must be dismissed because (i) a dormant summons served on an unauthorized statutory agent is insufficient to acquire personal jurisdiction over Aetna; (ii) Plaintiff's complaint fails to allege pursuit and exhaustion of plan remedies, which is a prerequisite to stating a claim under ERISA; and (iii) subject matter jurisdiction is lacking based on Plaintiff's failure, in fact, to pursue and exhaust ERISA plan remedies.  Plaintiff filed a belated Response on February 10, 2006.  The issues have been fully briefed and no hearing is necessary.  (*See* Local Rule 105.6.)  For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.[1]

## STANDARD OF REVIEW

When a defendant challenges a court's jurisdiction, pursuant to Rule 12(b)(1) or 12(b)(2), the plaintiff bears the burden of proving that the court has jurisdiction.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (discussing Rule 12(b)(1)); *Mylan Labs, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993) (discussing personal jurisdiction under Rule 12(b)(2)).  "Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted).  In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the

---

[1] On April 3, 2006, Plaintiff filed a Motion for Leave to File Response to Defendant's Reply Memorandum and for Leave to File an Amended Complaint.  Defendant opposes Plaintiff's request.  Plaintiff's Motion is denied.

case before it.  *Richmond v. Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991).[2]

## DISCUSSION

Defendant contends that this Court does not have personal jurisdiction over Aetna because Plaintiff failed to serve the summons on the Maryland Insurance Commissioner ("Commissioner")[3] within the time provided by the District Court of Maryland for Baltimore County.  Maryland Rule 3-113 provides that a summons is effective for service only if served within 30 days after the date it is issued.[4]  In this case, it is undisputed that the summons in this case was issued on September 12, 2005 and that Plaintiff would need to have completed service by October 12, 2005.  (*See* Def.'s Mem. Supp. Mot. to Dismiss, Ex. 2.)  Defendant asserts that Plaintiff served the Commissioner on October 13, 2005, a day late.  (*See id.*)  Having neglected to file proof of service in accordance with Md. Rule 3-126(a), Plaintiff has failed to meet its burden to prove that service was provided by October 12, 2005.  As a result, this Court does not have personal jurisdiction over Aetna.  *See Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 935 (D. Md. 1997); *Chapman v. Kamara*, 356 Md. 426, 438 (1999) ("[D]efective service of process is a jurisdictional defect.").

---

[2] In light of this Court's ruling below, the Court need not set forth the standard of review with respect to a dismissal pursuant to Rule 12(b)(6).

[3] Md. Code Ann., Ins. § 4-107(a) provides the Commissioner authority to accept service on behalf of licensed insurers.

[4] Although the Federal Rules of Civil Procedure govern post-removal procedure, the state procedural rules govern events that occurred prior to removal.  *See Eccles v. National Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) ("[I]t is equally well-settled that state law governs the sufficiency and service of process before removal.") (internal citation omitted).

While this result may seem rather harsh as a result of the service of the summons being one day late, even if this Court determined that it had personal jurisdiction over Defendant, Plaintiff's Complaint would still be dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies.  Prior to filing this action, Plaintiff failed to make any claim asserting entitlement to the life insurance benefits at issue in this case, nor does she even allege in her Complaint that she made any such claim.  Under ERISA, "a claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132."  *Makar v. Health Care Corp. of the Mid-Atlantic*, 872 F.2d 80, 82-83 (4th Cir. 1989); *see also Rodriquez v. MEBA Pension Trust*, 872 F.2d 69, 72 (4th Cir. 1989) ("An ERISA cause of action does not accrue until a claim of benefits has been made and formally denied.").  As a result of Plaintiff's failure to exhaust her administrative remedies, this Court does not have subject matter jurisdiction over her claim.  *See Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 118 (2d Cir. 2002); *Hailey v. Commonwealth Aluminum Corp.*, 903 F. Supp. 910, 912 (D. Md. 1995) (noting "the threshold problem that confronts Plaintiff is that, as a matter of law, she never made a claim in the first place.").

Plaintiff has failed to meet her burden of proving that this Court has jurisdiction in this case.  Therefore, Plaintiff's Complaint must be dismissed because this Court does not have jurisdiction over her claim.

CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED.  A separate Order consistent with this Opinion will follow.


Dated: April 21, 2006                         /s/
                                              Richard D. Bennett
                                              United States District Judge